NOTE: Pursuant to Fed. Cir. R. 47.6, this disposition is not citable as precedent.  It is a public record.

# United States Court of Appeals for the Federal Circuit

06-3108

DOMINADOR J. GORDO,

Petitioner,

v.

OFFICE OF PERSONNEL MANAGEMENT,

Respondent.

_____

DECIDED: July 12, 2006

_____

Before LOURIE, Circuit Judge, PLAGER, Senior Circuit Judge, and LINN, Circuit Judge.

PER CURIAM.

DECISION

Dominador J. Gordo ("Gordo") appeals from the final decision of the Merit Systems Protection Board (the "Board") affirming the decision of the Office of Personnel Management ("OPM") denying his application for Civil Service Retirement System ("CSRS") retirement annuity benefits under the Civil Service Retirement Act ("CSRA"). Gordo v. Office of Pers. Mgmt., SF-0831-05-0499-I-1 (M.S.P.B. Nov. 7, 2005) ("Final Decision").  We affirm.

BACKGROUND

Gordo worked for the Department of the Navy at Subic Bay in the Philippines from 1967 to 1992. Gordo v. Office of Pers. Mgmt., SF-0831-05-0499-I-1, slip op. at 2 (M.S.P.B. July 28, 2005) ("Initial Decision"). From May 5, 1967, to June 23, 1970, Gordo's appointments were excepted appointments: all were temporary appointments with not-to-exceed ("NTE") dates, except for one that was an intermittent appointment. Id. On June 23, 1970, Gordo's position was converted to an excepted, indefinite appointment, in which he served until his retirement in lieu of a separation through a reduction in force on September 30, 1992. Id. On August 5, 2003, Gordo filed an application with the OPM requesting CSRS retirement annuity benefits. Id. The OPM denied that application for benefits in a December 8, 2004 initial decision, and Gordo requested reconsideration. Id., slip op. at 2-3. On February 14, 2005, the OPM issued its final decision affirming its initial decision finding that Gordo was not eligible for CSRS retirement annuity benefits.

Gordo appealed the final decision of the OPM to the Board. Id. The Administrative Judge ("AJ") affirmed the OPM's denial of Gordo's application for CSRS retirement annuity benefits. Id., slip op. at 6. The AJ held that all of Gordo's service was rendered under temporary, intermittent, and excepted appointments, and as such those periods of service were excluded from coverage under the CSRA by 5 C.F.R. §§ 831.201(a)(1), (6), (12) and (13). Id., slip op. at 3. The Board noted that the Standard Forms 50 ("SF-50") in the administrative record, which documented Gordo's service, reflected that he had never served in a CSRA covered position. Id., slip op. at 4-5. The Board also determined that the conversion of Gordo's NTE appointments to

an excepted, indefinite appointment did not entitle him to CSRS retirement annuity benefits.  Id., slip op. at 5-6.

Gordo sought review by the full Board, the Board denied his petition, and the AJ's decision became the final decision of the Board.  See 5 C.F.R. § 1201.113(b) (2006).  Gordo timely appealed to this court, and we have jurisdiction pursuant to 28 U.S.C. § 1295(a)(9).

DISCUSSION

The scope of our review in an appeal from a decision of the Board is limited.  We must affirm the Board's decision unless it was "(1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule, or regulation having been followed; or (3) unsupported by substantial evidence."  5 U.S.C. § 7703(c) (2000); see Briggs v. Merit Sys. Prot. Bd., 331 F.3d 1307, 1311 (Fed. Cir. 2003).

On appeal, Gordo argues that the actual nature of his service rather than the characterization of his service as reflected in various SF-50 forms dictated his eligibility for CSRS retirement annuity benefits.  He also asserts that the Department of Navy entered the codes describing his retirement eligibility status in his SF-50 forms, and that Congress authorized the OPM, not employing agencies, to administer retirement law and to promulgate retirement regulations.  In addition, Gordo contends that he became a permanent employee at the end of a one-year probationary period on June 23, 1971, because his tenure group status was elevated at that time.  Finally, Gordo argues that the designation of his work schedule was "F" (for full-time), indicating that he was a permanent employee and therefore outside the scope of 5 C.F.R. § 831.201(a)(13)

(excluding coverage of "nonpermanent employees" under the CSRA).

The government responds that substantial evidence supports the Board's determination that Gordo's appointments were excluded from CSRA coverage, and that Gordo is not eligible for CSRS retirement annuity benefits. The government points out that Gordo has not provided any evidence suggesting that the nature of his appointment was anything other than temporary, intermittent, or indefinite. The government also asserts that the change in Gordo's tenure group does not establish that his appointment was permanent rather than indefinite. Finally, the government argues that the fact that Gordo may have worked full-time does not mean his service was covered under the CSRA.

We agree with the government that the Board's decision was supported by substantial evidence and in accordance with the law. To be eligible for a CSRS annuity, an employee must complete five years of what is called "creditable" service. 5 U.S.C. § 8333(a) (2006). In addition, one of the last two years of the employee's service must qualify as "covered" service. 5 U.S.C. § 8333(b) (2006); see Rosete v. Office of Pers. Mgmt., 48 F.3d 514, 516-17 (Fed. Cir. 1995). Here, the Board correctly determined that Gordo's civilian service was "creditable," but that none of his service qualified as "covered."

Whether or not civilian service is "covered" is determined by the OPM's regulations. See 5 U.S.C. §§ 8347(a), (g) (2006) (giving the OPM authority to exclude certain groups of employees from CSRA coverage). Those regulations explicitly exclude several types of employees from CSRA coverage, including those "serving under appointments limited to one year or less," "[i]ntermittent alien employees engaged

on work outside the continental limits of the United States," and those "serving under nonpermanent appointments, designated as indefinite, made after January 23, 1955." 5 C.F.R. §§ 831.201(a)(1), (6), (13) (2006). Here, substantial evidence of record establishes that Gordo's appointments to federal service were excepted temporary appointments with NTE dates, a temporary intermittent appointment, and an indefinite appointment. As the Board pointed out, the SF-50 forms denote Gordo's retirement status as "not applicable," "other," or "none," indicating that he was never in a position covered by the CSRA, and it is undisputed that retirement deductions were never taken from Gordo's pay. Initial Decision, slip op. at 4. All of Gordo's service was therefore excluded from coverage under the CSRA. Because Gordo did not complete one year of covered service during the two-year period immediately preceding his retirement, as required by 5 U.S.C. § 8333(b), we affirm the Board's conclusion that he is not eligible for CSRS retirement annuity benefits.

We reject Gordo's argument that the Board failed to consider the nature of his appointment. The Board did consider his arguments, but there is no evidence in the record suggesting that his appointment was not indefinite, intermittent, or temporary. In addition, that Gordo's tenure group status was elevated does not establish that his appointment was permanent rather than indefinite. See Rosete, 48 F.3d at 519-20 (holding that Rosete's service was not covered under the CSRA even though she held a tenure status that was inconsistent with an indefinite appointment). Further, that Gordo worked full-time does not create entitlement to benefits.

We have considered Gordo's remaining arguments and find them unpersuasive. We therefore affirm the Board's decision.

06-3108                                 -5-